IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| CLIFFORD HILAIRE, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-22-923 |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Clifford Hilaire brings this civil action against Defendant United States of America under the Tucker Act 28 U.S.C. §§ 1346(a) and 1491(a) to recover military pay and for correction of his official record. ECF No. 1. The United States Court of Federal Claims adjudicated Plaintiff's monetary claims and determined he was not entitled to pay. ECF No. 40 at 1; ECF No. 41. The Court of Federal Claims granted Plaintiff's motion to transfer his non-monetary claims to this Court. ECF No. 41. Now pending before the Court are Plaintiff's Motion for Clerk's Entry of Default, ECF No. 48, Plaintiff's Motion to Complete the Administrative Record and for Judgment on the Administrative Record, ECF No. 54, and Defendant's Motion for Summary Judgment. ECF No. 51.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motions are denied, and Defendant's Motion is granted.

**I.    BACKGROUND**[2]

---

[1] Also pending before the Court is Defendant's Motion for Extension of Time to file Reply as to Plaintiff's Motion for Judgment, ECF No. 55, which is granted, and Plaintiff's Motion for an Expedited Status Conference, ECF No. 57, which is denied.
[2] The facts as discussed herein are taken from the Administrative Record as certified in this case, ECF No. 50, and Plaintiff's Complaint, ECF No. 1.

1

**A. Factual Background**

Plaintiff accepted a commission as a second lieutenant in the United States Marine Corps Reserve in 2016. AR at 379. Following training, the Marines assigned Hilaire as the battalion adjutant of the Fourth Combat Engineering Battalion in March 2018. AR at 0400. By June 2018, other Marines were raising issues with Mr. Hilaire's performance that continued through 2018 and are documented in a command investigation report ("CIR"). AR at 0107–10.

In September 2018, Plaintiff received formal counseling for two separate incidents: his failure to respond to inquiries into completion of a task, and his failure to attend a battalion conference call. AR at 0109.

In response to his fitness report for the period March to December 2018, Plaintiff alleges a lack of resources, training, and guidance by the Marines. AR at 0194–95. Plaintiff states that he spent several hours per month using his own "time, computer, electricity, software, and other resources to complete unit projects outside of drill hours." AR at 0194. He also alleges he spent "dozens of hours" performing this work without "proper orders" in violation of the Anti-Deficiency Act. *Id.* Plaintiff asked that his rating be changed because it did not reflect the "several hours per month" he spent working without compensation on monthly conference calls, coordinating staff, developing digital products, and creating presentations. AR at 0195.

In February 2019, Plaintiff received his fitness report which was "adverse due to [his] substandard performance during the reporting period." AR 0192. Shortly thereafter, Plaintiff contacted Senator Ben Cardin regarding alleged violations of the Anti-Deficiency Act because his command was "soliciting 'voluntary' services with no pay." AR 0030.

In April 2019, the Commanding General of the 4th Marine Division commenced an investigation into Plaintiff's performance. AR at 0103. The investigation was the basis for a June

21, 2019, Report of Misconduct. AR at 0100. In July 2019, the Marines transferred Mr. Hilaire to the Individual Ready Reserve (IRR). AR at 0050–51. His transfer to the IRR was "due to his unacceptable performance as the Adjutant of 4th Combat Engineering Battalion." AR at 0054. In April 2020, Plaintiff was administratively separated from the Marine Corps Reserve. AR at 0381–83.

Plaintiff submitted two applications to the BCNR. The first sought to remove the adverse fitness report "along with any derogatory materials" from his official record. AR 0021. The second sought to "overturn" his involuntary transfer to the IRR and award him backpay and retirement points. AR 0398. With respect to the second application, Mr. Hilaire alleged his transfer to IRR in July 2019 was in retaliation for him contacting Senator Cardin. AR 0398. The BCNR declined to grant the requested relief, AR 0001–04; 0386–88, and Plaintiff filed his complaint in July 2020 challenging the BCNR's decisions.

## B. Procedural Background

Plaintiff filed a complaint in the United States Court of Federal Claims challenging the BCNR's decision. ECF No. 1. The Court of Federal Claims adjudicated Plaintiff's claims seeking compensation for time spent working between drills ("monetary claims") and dismissed them for failure to state a claim. ECF No. 40 at 1;[3] ECF No. 41. The Court of Federal Claims determined it did not have subject matter jurisdiction over plaintiff's claims to have certain items removed from his record ("non-monetary claims") and transferred those claims to this Court. ECF No. 41.

On July 18, 2022, Defendant moved for an extension of time, until September 8, 2022, to respond to Plaintiff's Complaint. ECF No. 47-1. This Court granted that extension, ECF No. 53,

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

and on September 23, 2022, when Defendant had yet to file its response, Plaintiff moved for an entry of default. ECF No. 48.

## II. STANDARD OF REVIEW

### A. Motion for Default

The Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Dir., Off. of Workers' Comp. Program*, 895 F. 2d 949, 950 (4th Cir. 1990). However, that policy is not absolute. Default judgment "is appropriate when the 'adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the moving party's request, Federal Rule of Civil Procedure 55(a) allows the Clerk of the Court to enter an order of default against a defendant who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After a default has been entered, Rule 55(b)(2) authorizes the Court "to enter a default judgment against the defaulting party for the amounts claimed and costs." *Guardian Life Ins. Co. of Am. v. Spencer*, No. 5:10CV000Q4, 2010 WL 3522131, at *3 (W.D. Va. Sept. 8, 2010) (citing Fed. R. Civ. P. 55(b)(2)). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012).

### B. Motion for Summary Judgment

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986) (citing Fed. R. Civ. P. 56(c)); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one "that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248–49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

Cross-motions for summary judgment require that the Court consider "each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Philip Morris Inc. v. Harshbarger*, 122 F.3d 58, 62 n.4 (1st Cir. 1997)). "When considering each individual motion, the court must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion." *Id.* (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)). "The Court must deny both motions if it finds a genuine issue of material fact, 'but if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment.'" *Wallace v. Paulos*, No. DKC 2008-0251, 2009 WL 3216622, at *4 (D. Md. Sept. 29, 2009) (citation omitted).

## III.   DISCUSSION[4]

The Court first discusses its jurisdiction to adjudicate Plaintiff's claims. In reviewing challenges of the decision of a board for correction of military records, courts have used two avenues to establish jurisdiction, the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491; and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–06. "Both of these statutes have been construed as waivers [of sovereign immunity] by the United States." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996). "The APA generally provides that a person who claims to have suffered a legal wrong because of agency action is entitled to judicial review of that action." *Id.* at 346 (citing 5 U.S.C. § 702). "The waiver of sovereign immunity in the APA is limited to suits seeking relief 'other than money damages[,]' and is available only for 'final agency action for which there is no other adequate remedy in a court.'" *Id.* (citing 5 U.S.C. § 704). Plaintiff has properly sought review of the BCNR's final decisions, and his remaining claims seek only non-monetary relief. Thus, review under the APA is appropriate. *Randall*, 95 F.3d at 347 (holding that plaintiff's claims are properly reviewed under the APA as they were primarily for injunctive relief and such relief is unavailable under the Tucker Act because it is not "an incident of, or collateral to, a monetary award."). The Court next discusses Plaintiff's motion for default judgment.

### A. Motion for Default Judgment

Plaintiff requests a motion for entry of default against Defendant because they missed their deadline, by fourteen days, to file a response to Plaintiff's Complaint. ECF No. 48. "The decision of whether to enter a judgment of default rests within the discretion of this Court." *Nam v. 7-Eleven*, No. 8:13-cv-546, 2014 WL 346654, at *1 (D. Md. Jan. 29, 2014). The Court will

---

[4] The Court notes that only the non-monetary claims are before this Court, and are, therefore, the only claims reached by this Court.

deny Plaintiff's motion as it finds that the Government has not been unresponsive in this case, and the nature of Plaintiff's claims do not warrant a default judgment.

First, the Government's unfortunate but brief delay in filing a responsive pleading has not caused Plaintiff any prejudice, and Defendant immediately filed an opposition upon receiving the Motion for Default and requested additional time for a responsive pleading. Second, as noted, the sole remaining claims in this case are Plaintiff's non-monetary claims. Accordingly, Plaintiff's claims are not "for a sum certain" or "a sum that can be made certain by computation" as required by Rule 55(b)(1), and Plaintiff has not provided an affidavit or documentary evidence stating otherwise. Fed. R. Civ. P. 55(b)(1); *see also McFadden v. L&J Waste Recycling, LLC*, No. 1:16-cv-2744, 2017 WL 3007070, at *2, (D. Md. July 14, 2017). Thus, the Court will deny Plaintiff's motion.

### B.  Plaintiff's Motion to Supplement the Administrative Record

Plaintiff moves to supplement the administrative record with documentation he asserts should have been included in the record. ECF No. 54 at 4. If an agency fails to produce a complete administrative record, a party may request that the record be supplemented. "Supplementation of the administrative record is the exception, not the rule." *Otsuka Pharm. Co. v. Burwell*, No. 15-cv-852, 2015 WL 1579127, at *2 (D. Md. Apr. 8, 2015). "Absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Id.* Nonetheless, an agency may not "exclude information simply because it did not rely on it for its final decision." *Id.* (citation omitted). A "complete administrative record should include all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." *Id.* (quoting *Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d. 7, 12 (D.D.C.

7

2001)). "An administrative record may be 'supplemented' in one of two ways—either by (1) including evidence that should have been properly a part of the administrative record but was excluded by the agency, or (2) adding extrajudicial evidence that was not initially before the agency but the party believes should nonetheless be included in the administrative record." *Burwell*, 2015 WL 1579127, at *2 (citation omitted). Although unclear, Plaintiff appears to be seeking supplementation on the second ground, that there is documentation that was not before the BCNR that they thus failed to consider. *See* ECF No. 54 at 4. Specifically, Plaintiff seeks to include: (1) documentation from the Officer Disciplinary Notebook Management System ("ODNS"); (2) a nonpunitive letter of caution; (3) a December 2, 2018, counseling statement; and (4) "if they exist" responses from the general court martial convening authorities ("GCMA") to legal errors raised by Plaintiff. ECF No. 54 at 4–5.

The administrative record may be supplemented "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." *Does 1-72 v. United States Citizenship & Immigr. Servs.*, No. CV 15-273, 2016 WL 10771344, at *3 (D.D.C. Jan. 8, 2016). Plaintiff fails to overcome the strong presumption of regularity that is required to supplement the administrative record. As to the nonpunitive letter of caution, Plaintiff contends that this letter was mentioned in his investigation and pertained to his substandard performance outside of the 4th Combat Engineering Battalion. ECF No. 54 at 4. However, there is a multitude of other evidence in the Administrative Record that points to "substandard" performance by the Plaintiff that was sufficient for the BCNR to rely on and designate for the record. *See* AR 0001–0004, 0109, 0189, 0193. Additionally, Plaintiff does not provide any evidence that such

nonpunitive letter exists. Similarly, as to the December 2, 2018, counseling statement Plaintiff contends is missing from the record, Plaintiff has supplied that counseling statement, ECF No. 54-4, and the contents of the record appear to be substantially represented by the existing record. *See* AR 0193 (discussing the November 13, 2018, missed conference call), compared to ECF No. 54-4 (Plaintiff is counseled for missing the November 13, 2018, call). Finally, as to any purported documentation from the ODNS and any responses from the GCMA to legal errors raised by the Plaintiff, Plaintiff has failed to provide any evidence or information that such documentation is in existence or otherwise told this Court how the documentation would be adverse to the BCNR's decision. The Court will therefore deny Plaintiff's motion to supplement the Administrative Record.

### C. Defendant's Motion for Summary Judgment

Defendant argues that they are entitled to summary judgment because the decisions of the BCNR were not arbitrary or capricious and were supported by the evidence. ECF No. 51 at 10. District courts employ a limited review of a decision from a military tribunal. Such decisions can be set aside only if they are "arbitrary, capricious, or not based on substantial evidence." *Randall*, 95 F.3d at 348 (quoting *Chappell v. Wallace*, 462 U.S. 296, 303 (1983)). *See also United States v. Williams*, 170 F.3d 431, 434 (4th Cir. 1999) ("[o]n review, district courts have jurisdiction to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"). An agency decision is arbitrary and capricious when the agency has failed to consider relevant factors, offered an explanation that is at odds with the evidence presented, or made a clear error of judgment. *Rice v. Shubert*, No. 8:19-cv-714, 2021 WL 734094, at *3 (D. Md. Feb. 25, 2011); *Hoffler v. Mattis*, 677 F. App'x 119, 120 (4th Cir.

2017) (unpublished opinion). This Court finds that the decisions of the BCNR were not arbitrary or capricious and were sufficiently supported by the evidence.

### 1. Denial of Plaintiff's Request to Remove the Adverse Fitness Report

Plaintiff argues that the BCNR decisions are arbitrary and capricious because the facts in the record do not support their conclusion. ECF No. 18 at 7; ECF No. 54 at 10–11. In denying Plaintiff's request to remove the adverse fitness report from his record, the BCNR states that they carefully considered his request along with all the materials Plaintiff submitted in support. AR at 0001. They also stated that they considered each of his specific contentions and allegations along with his rebuttal report. *Id.* at 0001–02. The BCNR went on to state that they thoroughly reviewed and substantially concurred with the advisory opinion of the Marine Corps Performance Evaluation Review Board that certain of Plaintiff's allegations lacked merit, and the BCNR found on their own, that the other claims also lacked merit. *Id.* at 0002. Specifically, the BCNR concurred with the Marine Corps Board that Plaintiff's contention that his command was breaking the law and continues to break the law pertaining to the Anti-Deficiency Act, lacks any evidence to justify his claim, and that nonetheless, an inquiry was conducted that concluded that Plaintiff's allegations were unfounded. *Id.* Furthermore, in denying Plaintiff's request, the BCNR based its decision on comments from Plaintiff's Reporting Senior who documented Plaintiff's "substandard performance during the reporting period," which stated that he "demonstrated unsatisfactory performance, and when assigned tasks he was unresponsive and oftentimes required significant guidance, supervision and follow-up." He was also "counseled multiple times regarding his roles and responsibilities, and [was told] that he needed to exercise initiative and exert effort in his duties." The evidence further indicated that he "has potential but must master basic concepts and dedicate the minimal time and effort to be successful." The adverse

report was also based on "disobedience of a direct order to assist the battalion's response to an inquiry, and failure to attend battalion conference calls." AR 0003, 0189, 0192. The BCNR also responded to Plaintiff's contention that his "disobedience of a direct order" as the basis for the adverse report should not have been included because it was not fully adjudicated, and the BCNR concluded that the matter was addressed during the reporting period and did not need further adjudication. *Id.* 0003. In any case, the BCNR found that Plaintiff's supervisor had "sufficient justification to issue the adverse report irrespective of his disobedience of a direct order." *Id.* Furthermore, the Administrative Record presents substantial evidence of reports on Plaintiff's "poor" conduct. *See* AR 0109 (Command Investigation Report). Ultimately, the BCNR thoroughly considered all of Plaintiff's contentions and determined that Plaintiff's "fitness report was rendered adverse due to [his] substandard performance during the reporting period and that [he] was repeatedly counseled during [that period] for [his] substandard performance." *Id.* at 0004. Plaintiff has failed to provide any evidence that the BCNR made its decision arbitrarily and capriciously. The BCNR appears to have thoroughly reviewed Plaintiff's application and rebuttal, reviewed the facts presented, consulted or reviewed the decision of the Marine Corps Board, and came to its own conclusion that is supported by the evidence. Such decisions are not arbitrary and capricious and must be upheld. "If the agency has examined the relevant data and provided an explanation of its decision that includes a rational connection between the facts found and the choice made, the agency's decision must be upheld." *Huess v. Toro*, 2022 WL 598055, at *3 (E.D. Va. Feb. 28, 2022). "An agency action will also be sustained if it is supported by substantial evidence, or such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court will therefore grant Defendant's Motion for Summary Judgment as to this Claim.

### 2. Denial of Request to Remove UCMJ Violations from Plaintiff's Record

Next, Plaintiff argues that the BCNR decision to deny his request to remove the UCMJ violations from his official record was not justified because he was not subject to the UCMJ, and the only evidence cited in support of its decision was the "formal counseling" issued to Plaintiff in September 2013, which was inadequately adjudicated. ECF No. 18 at 11–13; ECF No. 54 at 13–15. In denying Plaintiff's request, the BCNR stated that Plaintiff's Reporting Supervisor described Plaintiff's disobedience as an infraction and "instead of charging [him] with a violation of the UCMJ, he chose to counsel [Plaintiff] and afford [him] multiple opportunities to correct his deficiencies, [which the Reporting Senior was entitled to do]." AR 0003. The BCNR thus concluded that the matter was sufficiently addressed and did not require further adjudication. *Id.* Thus, the BCNR did not act in violation of the APA when it denied Plaintiff's request.

Furthermore, the BCNR did not act in violation of the APA in denying Plaintiff's contention that his transfer to the IRR was improper retaliation for contacting Senator Cardin. *See* AR 0398.[5] The BCNR found that: "the DoD Office of Inspector General, completed an oversight review of [Plaintiff's] complaint and concurred with the Inspector General of the Marine Corps' recommendation that [the] complaint did not meet the requirements for an investigation in accordance with 10 U.S.C. Section 1034." AR 0003. The BCNR also found that the investigation into Plaintiff "addressed [his] deficiencies beyond minor limitations, shortcomings, and occasional weaknesses, and again, any inconsistencies or disagreements by Plaintiff were fully adjudicated by the reviewing officials." *Id.* at 0003. Lastly, the record indicates that his transfer was in part due to "performing his duties in a substandard manner,"

---

[5] Although it is unclear whether Plaintiff is making this argument as a reason to find the BCNR decision arbitrary and capricious, the Court addresses it as Plaintiff makes brief mention of it in section V, ECF No. 54 at 13.

ECF 0054, which was supported by sufficient evidence. As such, the BCNR did not act arbitrarily and capriciously, and this Court will grant summary judgment to the Defendant.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motions are denied, and Defendant's motion is granted. A separate Order follows.

Date: <u>January 18, 2023</u>                                    ___/s/_____
                                                                GEORGE J. HAZEL
                                                                United States District Judge